1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

GREGORY WHERRY,                              No.  2:25-cv-0429 CKD P

12

Plaintiff,

13

v.                                           ORDER

14

JEFF LYNCH, et al.,

15

Defendants.

16

17    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  On February 27, 2025, plaintiff's complaint was dismissed with leave to file an amended

19    complaint which plaintiff has now filed.

20    The court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

25    In his amended complaint plaintiff identifies "doe" defendants.  This action cannot

26    proceed against "doe" defendants as they cannot be served with process.

27    Plaintiff does identify as defendants Warden Lynch, Chief Medical Executive Bobbala,

28    and Dr. Hlaing.  With respect to Lynch and Bobbala, plaintiff fails to point to anything specific

1

suggesting they were responsible for a violation of plaintiff's civil rights.  As plaintiff has already been informed, in order to state a claim upon which relief could be granted a plaintiff must point to specific facts demonstrating how the conditions resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff also complains about medical care provided by Dr. Hlaing.  Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).  Plaintiff fails to point to any facts suggesting Dr. Hlaing denied or delayed any medical care for plaintiff and plaintiff does not identify what care, if any, was delayed or denied.

For the foregoing reasons, plaintiff's amended complaint must be dismissed.  The court will grant plaintiff one final opportunity to state a claim upon which he can proceed.  Plaintiff should refer to both this order and the court's February 27, 2025, order while drafting his second amended complaint.  Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed.

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

2

1   to file a second amended complaint in accordance with this order will result in a recommendation

2   that this action be dismissed.

3   Dated:  September 9, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8   1
    wher0429.frs